UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

BURGER KING CORPORATION
d/b/a Burger King #71, and
ZEBRA PROPERTIES, INC.,

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Burger King Corporation doing business as the Burger King restaurant located at 395 Alcazar Avenue, Miami Florida 33134 and Defendant Zebra Properties, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

## PARTIES

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

4. Defendant Burger King Corporation (also referenced as "Defendant Burger Corp.," "operator," lessee" or "co-Defendant") is a Florida for profit corporation headquartered in Miami, Florida which owns, operates, and franchises Burger King brand fast food restaurants. On information and belief, Burger King Corporation also known as Burger King (BK). Burger King Corporation is a subsidiary of Restaurant Brands International, a Canadian multinational fast food holding company which is listed on the NYSE and the Toronto Stock Exchange.

5. Defendant Zebra Properties, Inc. (also referenced as "lessor," "owner," or "co-Defendant") is the owner of real property identified as folio 03-4108-006-1700, which is built out as a stand-alone fast-food restaurant and which is located at 395 Alcazar Avenue, Miami, Florida 33134.

## FACTS

6. At all times material hereto, the 395 Alcazar Avenue real property has been leased by Defendant Zebra Properties to co-Defendant Burger Corp. The lessee in turn has operated its franchised "Burger King" fast food restaurant within that leased space.

7. The Burger King restaurant chain consists of Burger King restaurants which are owned by Burger King Corporation and other Burger King restaurants which are owned

2

and operated by franchisees. Burger King restaurants serve American style hamburgers, salads, shakes, drinks and deserts. Each Burger King restaurant is open to the general public and therefore each restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Burger King restaurant which is the subject to this action is also referred to as "Burger King #71," "Burger King at 395 Alcazar Avenue," "restaurant" or "place of public accommodation."

8. At all times material hereto, Defendant Burger Corp. was (and is) the owner and operator of the Burger King #71 restaurant located at 395 Alcazar Avenue, and as with all Burger King restaurants, this Burger King restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. As the operator the Burger King #71 restaurant located at 395 Alcazar Avenue, Defendant Burger Corp. is defined as a "Public Accommodation" within the meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial real property which is operated as a fast-food restaurant open to the public, Defendant Zebra Properties is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Plaintiff is frequently in the vicinity of 395 Alcazar Avenue in Coral Gables, Florida. Therefore on August 5, 2021 Plaintiff went to the Burger King restaurant at that location with the intent of purchasing a meal and dining in the eating area located therein.

12. While Plaintiff purchased a meal, he encountered many areas of inaccessibility related the restroom facilities.  As a result, Plaintiff left the Burger King at 395 Alcazar Avenue feeling excluded, humiliated and dejected.

13. On information and belief, Defendant Burger Corp. is well aware of the need to provide equal access to individuals with disabilities as it owns or franchises Burger King brand fast-food restaurants. Therefore, its failure to reasonably accommodate individuals with disabilities at its Burger King restaurant located at 395 Alcazar Avenue is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As the owner of commercial property which is operated a fast-food restaurant, Defendant Zebra Properties is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).  On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Zebra Properties is aware of the ADA and the need to provide for equal access in all areas of its property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. Based on the above delineated access impediments, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Burger King #71 restaurant by the operator of that restaurant (Defendant Burger Corp.) and by the owner of the commercial property which houses the restaurant (Defendant Zebra Properties).

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff is and has been a customer of Burger King restaurants. Plaintiff often dines at Burger King fast-food restaurants and continues to desire to return to the 395 Alcazar Avenue Burger King restaurant to purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years has passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22.    Prior to the filing of this lawsuit, Plaintiff personally visited the Burger King restaurant located at 395 Alcazar Avenue in order to purchase a meal and dine therein. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access within that restaurant. Therefore, Plaintiff has suffered an injury in fact.

23.    Defendant Burger Corp. and Defendant Zebra Properties have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Burger King #71 restaurant located at 395 Alcazar Avenue in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.    Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Burger King #71 restaurant.

25.    Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Zebra Properties' 395 Alcazar Avenue commercial property which is leased to Defendant Burger Corp. and which is operated as a Burger King restaurant is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.* The Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i. As to Defendant Burger Corp. (lessee/operator) and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open/close. This is violative of Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

  ii. As to Defendant Burger Corp. (lessee/operator) and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the

encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Burger Corp. (lessee/operator) and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Burger Corp. (lessee/operator) and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 604 of the 2010 Standards for Accessible Design. Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser.  Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section

        604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

   v.    As to Defendant Burger Corp. (lessee/operator) and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, it is not mounted at the required location and is therefore in violation of Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design.

   vi.    As to Defendant Burger Corp. (lessee/operator), and Defendant Zebra Properties (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide the appropriate knee clearance of above the finished floor to bottom leading edge of fixture at 8" horizontal projection, of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

       28.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Burger King franchise #71 restaurant located at 395 Alcazar Avenue accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Zebra Properties, Inc. (owner of 395 Alcazar Avenue) and Defendant Burger King Corporation (operator of the Burger King restaurant located therein) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property located at 395 Alcazar Avenue and the Burger King fast-food restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of September, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156

                                                Telephone:  305-351-2014
                                                Email: cc@cunninghampllc.com
                                                *Counsel for Plaintiff*